**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
Lior Malul,

                    Plaintiff,                                                   **C.A. No.:  1:24-cv-1570**




            -against-                                                             **DEMAND FOR JURY TRIAL**

Equifax Information Services, LLC;
Trans Union, LLC;
Experian Information Solutions, Inc.;
Hunter Warfield, Inc.

                    Defendant(s).
------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Lior Malul ("Plaintiff"), by and through her attorneys, and as for her Complaint

against Defendant Equifax Information Services, LLC ("Equifax"), Defendant Trans Union,

LLC ("Transunion"), Defendant Experian Information Solutions, Inc. ("Experian"), and

Defendant Hunter Warfield, Inc. ("Hunter"), respectfully sets forth, complains, and alleges, upon

information and belief, the following:


## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15

   U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the

   acts and transactions occurred here, Plaintiff resides here, and Defendant transacts

   business here.

3.  Plaintiff brings this action for damages arising from the Defendant's violations of 15

U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4.  Plaintiff is a resident of the State of New York, County of Kings.

5.  At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15

U.S.C. § 1681a(c).

6.  Defendant Equifax Information Services, LLC, is a consumer reporting agency as defined

by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this

judicial district. Defendant Equifax is a Georgia corporation registered to do business in

the State of New York, and may be served with process upon the Corporation Service

Company, its registered agent for service of process at 80 State Street, Albany, NY,

12207.

7.  At all times material here to Equifax is a consumer reporting agency regularly engaged in

the business of assembling, evaluating and disbursing information concerning consumers

for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. §

1681(d) to third parties.

8.  At all times material hereto, Equifax disbursed such consumer reports to third parties

under a contract for monetary compensation.

9.  Defendant Trans Union, LLC, is a consumer reporting agency as defined by 15 U.S.C.

§ 1681a(f) and conducts substantial and regular business activities in this judicial district.

Defendant Trans Union is a Delaware corporation registered to do business in the State of

New York, and may be served with process upon The Prentice-Hall Corporation System, Inc. its registered agent for service of process at 80 State Street, Albany, NY 12207.

10. At all times material here to Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.

11. At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is an Ohio corporation registered to do business in the State of New York, and may be served with process upon CT Corporation, its registered agent for service of process at 28 Liberty Street, New York, NY, 10005.

13. At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

14. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

15. Defendant Hunter Warfield, Inc. is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service of process upon

Corporation Service Company, its registered agent, at 80 State Street, Albany, NY, 12207.

## **FACTUAL ALLEGATIONS**

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

17. In August 2018 Plaintiff entered a residential lease for an apartment located in New York City.

18. The lease was set to expire on September 30, 2019.

19. The landlord sent Plaintiff a lease renewal form on August 3, 2019 asking Plaintiff if she wished to renew her lease.

20. Plaintiff indicated that she will not renew the lease and returned the signed letter on August 29, 2019.

21. At that point Plaintiff and the landlord entered into a month-to-month tenancy as the lease was not renewed at any point.

22. Plaintiff continued to pay her monthly rent as a month-to-month tenant through March of 2020.

23. On March 15, 2020 Plaintiff attempted to vacate the apartment but did not receive a response from the landlord.

24. Plaintiff repeatedly tried to contact the landlord to vacate the apartment but was unable to reach them due to the Covid-19 government-imposed lockdown.

25. Plaintiff affectively ceased the month-to-month tenancy on March 15, 2020.

26. On June 29, 2020 Plaintiff was able to access the building and vacated the apartment and returned the keys to the doorman that was located on premises.

27. Plaintiff followed up with an email directly to the management company for the landlord on that day advising them that she had formally vacated the apartment and returned the keys.

28. At the time of Plaintiff's vacatur from the apartment there was no money due to the landlord for unpaid rent.

29. Despite vacating the property and not owing any additional rent, the landlord continued and continues to bill Plaintiff for unpaid rent.

30. At some point prior to April 15, 2021, the landlord assigned the alleged rental debt to Defendant Hunter to collect on its behalf.

<u>Hunter Dispute and Violations</u>

31. On information and belief, on a date better known to Defendants Equifax, Transunion and Experian (hereinafter "the Bureaus"), prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to her Hunter account, account #83346774.

32. The inaccurate information furnished by Defendant Hunter and published by the Bureaus is inaccurate since the account is reporting an inaccurate collection account.

33. All three Bureaus list Plaintiff alleged account in collections and report an amount past due in excess of $25,000.

34. The account should not be listed as in collections or have any outstanding amount on Plaintiff's credit report, as Plaintiff fully made all her rental payments prior to vacating the apartment.

35. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

36. Plaintiff notified the Bureaus that she disputed the accuracy of the information they were reporting on or around August 30, 2022, via dispute letters sent to each bureau explaining that the apartment had been vacated and all rents were paid up to that point.

37. Plaintiff dispute letter included evidence as to her claims, including proof of her notice of surrender of the apartment, proof of all rents paid up until that point and proof that the rental agreement was a month-to-month tenancy at the point of surrender, allowing her to surrender the apartment with notice.

38. It is believed, and therefore averred, that the Bureaus notified Defendant Hunter of the Plaintiff's dispute.

39. Upon receipt of the dispute of the accounts from the Plaintiff by the Bureaus, Hunter failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

40. Had Hunter conducted a proper investigation, it would have been revealed to Hunter that Plaintiff did not owe any additional rental payments and the account should be deleted.

41. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, the Bureaus did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

42. Had the Bureaus done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to the Bureaus that the reporting of the account was inaccurate.

43. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade lines within 30 days of receiving Plaintiff's dispute letter.

44. Notwithstanding Plaintiffs efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

45. Plaintiff was defamed when potential credit grantors reviewed Plaintiff's inaccurate and misleading credit report.

46. On information and belief plaintiff applied for a personal loan from PennFed Credit Union and was denied credit.

47. As of the date of the filing of this Complaint, Hunter continues to furnish credit data which is inaccurate and materially misleading, and the Bureaus' reporting of the above referenced tradeline continues to be inaccurate and materially misleading.

48. As a result of Defendants' conduct, action and inaction of the Defendants, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of potential credit denials.

**FIRST CAUSE OF ACTION**
**(Willful Violation of the FCRA as to Equifax)**

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

50. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

51. Equifax violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

52. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f)   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

   g)   The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

53. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

54. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

55. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Lior Malul, an individual, demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Equifax)

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

57. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

58. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

59. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

   g) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

60. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

61. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

62. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Lior Malul, an individual, demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

<u>**THIRD CAUSE OF ACTION**</u>
**(Willful Violation of the FCRA as to Trans Union)**

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

64. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

65. Trans Union violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Trans Union maintained concerning the Plaintiff.

66. Trans Union has willfully and recklessly failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

g) The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

67. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

68. The conduct, action and inaction of Trans Union was willful rendering Trans Union liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

69. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Lior Malul, an individual, demands judgment in her favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Trans Union)

70. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

71. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

72. Trans Union violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

73. Trans Union has negligently failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d)   The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

   e)   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f)   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

   g)   The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

74. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

75. The conduct, action and inaction of Trans Union was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

76. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Lior Malul, an individual, demands judgment in her favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## <u>FIFTH CAUSE OF ACTION</u>
### (Willful Violation of the FCRA as to Experian)

77. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

78. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

79. Experian violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

80. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

g)  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

81. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

82. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

83. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Lior Malul, an individual, demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SIXTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Experian)

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

85. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

86. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

87. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

   g) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

88. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

89. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

90. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Lior Malul, an individual, demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### SEVENTH CAUSE OF ACTION
**(Willful Violation of the FCRA as to Defendant Hunter)**

91. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

92. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

93. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

94. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

95. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

96. The Defendant Hunter violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

97. Specifically, Defendant Hunter continued to report the account information on the Plaintiff's credit report after being notified of her dispute.

98. Had Hunter conducted a proper investigation, it would have been revealed to Hunter that the account was inaccurately reported and should have properly updated her account accordingly.

99. As a result of the conduct, action and inaction of the Defendant Hunter, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

100.    The conduct, action and inaction of Defendant Hunter was willful, rendering Defendant Hunter liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

101.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Hunter in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Lior Malul, an individual, demands judgment in her favor against Defendant Hunter for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

**EIGHTH CAUSE OF ACTION**
**(Negligent Violation of the FCRA as to Defendant Hunter)**

102.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

103.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

104.     Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

105.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

106.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

107.     Defendant Hunter is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2b.

108.     After receiving the dispute notices from the Bureaus, Defendant Hunter negligently failed to conduct its reinvestigation in good faith.

109.     A reasonable investigation would require a furnisher such as Defendant Hunter to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

110.     Had Hunter conducted a proper investigation, it would have been revealed to Hunter that the reporting of this account was inaccurate.

111.     The conduct, action and inaction of Defendant Hunter was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

112.     As a result of the conduct, action and inaction of the Defendant Hunter, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

113.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Hunter in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Lior Malul, an individual, demands judgment in her favor against Defendant Hunter, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

114.     Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d)  For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  March 1, 2024

Respectfully Submitted,
**HOROWITZ LAW, LLC**
*/s/ Uri Horowitz*
Uri Horowitz, Esq.
14441 70th Road
Flushing, NY 11367
Phone: (718) 705-8706
Fax: (718) 705-8705
uri@horowitzlawpllc.com
*Attorney for Plaintiff*